UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID EDWARD CORTNER, )
    #84109 )
                                      )
    Plaintiff, )    3:10-cv-00395-ECR-RAM
                                        )
vs. )
                                        )    **ORDER**
NEIL GRAD, *et al.*, )
                                        )
    Defendants. )
                                        /

        This is a prisoner civil rights action. The court now reviews the complaint.

**I. Screening Standard**

        Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson*

*v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct

2

complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is incarcerated at Northern Nevada Correctional Center, has sued Neil Grad, his court-appointed attorney in his state criminal proceeding, as well as the Jack Alian Conflict Group, Grad's employer with whom Washoe County has or had a contract to provide "conflict counsel." Plaintiff has attached a state court order granting his *habeas corpus* petition and finding that Grad failed to render effective assistance of counsel during plaintiff's sentencing hearing and failed to file an appeal on behalf of plaintiff. Plaintiff alleges that Grad, at Jack Alian's direction, violated his Sixth Amendment right to effective assistance of counsel, Fifth Amendment due process rights, and Fourteenth Amendment right to equal protection. Plaintiff seeks compensatory and punitive damages. For the reasons discussed below, plaintiff's complaint is dismissed.

Plaintiff filed this action in state court and did not expressly invoke 42 U.S.C. § 1983. However, as plaintiff claims deprivations of his constitutional rights, this action sounds in § 1983, and defendants removed on that basis (*see* docket #1). Yet defendants are not amenable to suit pursuant to § 1983. When public defenders or court-appointed attorneys are acting in their role as advocate, they are not acting under color of state law for § 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*). To the extent that plaintiff intends to bring a claim for legal malpractice, such claim does not come within the jurisdiction of the federal courts. *Franklin v. Oregon*, 662 F.2d 1337, 1345 (9th Cir 1981). Moreover, the court notes that in Nevada state court, it appears that court-appointed attorneys cannot later be held liable in a malpractice action for allegedly negligently representing the defendant in the underlying criminal proceeding. *Morgano v. Smith*, 879 P.2d 735, 736-737 (Nev. 1994); *Ramirez v. Clark Co. Public Defender*, 773 P.2d 343, 344 (1989); Nev. Rev. St. 41.032(2). Accordingly, plaintiff has failed

to state cognizable claims against defendants.  Because amendment would be futile, the entire complaint is dismissed without leave to amend.

**III.  Conclusion**

      **IT IS THEREFORE ORDERED** that the Clerk shall **FILE** the complaint (docket #1-2).   **IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

      **IT IS FURTHER ORDERED** that defendant Neil Grad's motion to dismiss (docket #4) is **DENIED** as moot.

      **IT IS FURTHER ORDERED** that defendant Jack Alian Conflict Group's motion to dismiss or in the alternative, motion for summary judgment (docket #13) is **DENIED** as moot.

      **IT IS FURTHER ORDERED** that plaintiff's motion to extend time regarding motion to dismiss or in the alternative motion for summary judgment (docket #20) is **DENIED** as moot.

      **IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED this 13th day of September, 2010.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE